Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-mj-00137-1 |
| Plaintiff, | |
| v. | DEFENDANT'S MEMORANDUM CONERNING DETENTION |
| ROBERTO MUNOZ, | |
| Defendant. | |

At Mr. Munoz's release hearing on May 22, 2026, the Court took his release or detention under advisement and indicated that the parties could provide briefing on the issue. Mr. Munoz believes that this Court may only detain him if it determines that he presents a serious risk that he will not appear as ordered in Rhode Island for his revocation hearing. Because the government cannot carry that burden, Mr. Munoz should be released.

Mr. Munoz appeared pursuant to a warrant issued for him to appear in Rhode Island for a hearing under 18 U.S.C. § 3148(b). At that hearing the government will have the burden to show by clear and convincing evidence that Mr. Munoz violated a condition of his release or prove that there is probable cause he committed a new offense on release. 18 U.S.C. § 3148(b)(1). As

Page 1    Defendant's Memorandum Concerning Detention

of now, that finding has not been made, meaning the provisions for detention after finding a supervised release violation under 18 U.S.C. § 3148(b)(2) do not apply.

No specific section of Criminal Rule 5 or the Bail Reform Act (BRA) covers appearance on a warrant for a pre-trial violation. While the legal standard for detention changes considerably following a determination that Mr. Munoz violated his pre-trial release, no section provides a specific rule creating a different standard for detention under these circumstances than would apply at an initial appearance on any other kind of warrant.[1] Instead the BRA mandates that all individuals facing charges must be released pursuant to 18 U.S.C. § 3142(a) except those cases covered under 18 U.S.C. § 3142(f). *See United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (not allowing detention based solely on a finding of dangerousness). Neither Mr. Munoz's underlying offense, nor an allegation of a pre-trial release violation are covered under 18 U.S.C. § 3142(f)(1) meaning that he can only be detained upon a showing under 18 U.S.C. § 3142(f)(2).

It is worth noting that while Mr. Munoz should be released in this case, this reading of the statute still allows Mr. Munoz to be detained within a few weeks if the government meets its burden under 18 U.S.C. § 3148(b). While ECF does not yet list a date for the hearing in Rhode Island, those hearings are commonly held promptly and could easily be held within one or two weeks. That period is not much longer than the eight days that elapsed in between Rhode Island issuing the warrant and Mr. Munoz's appearance at the pre-trial office on May 21, 2026. It is common for individuals with a warrant to be out of custody for a few weeks before appearance in court, and Mr. Munoz will present a minimal risk in the few weeks that he is out of custody.

---

[1] This situation is contrasted by Criminal Rule 32.1 which provides a specific separate standard for detention, including out of district detention, on supervised release violations. R. 32.1(a)(6).

Page 2    Defendant's Memorandum Concerning Detention

Dated: May 25, 2026.

 /s/ Michael Charles Benson
Michael Charles Benson, AK Bar No. 1311070